## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DOC WARREN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-2413** |
| **JASON KENT, WARDEN** | **SECTION: "E"(5)** |

### <u>REPORT AND RECOMMENDATION</u>

*Pro se* petitioner, Doc Warren, filed this petition for federal habeas corpus relief pursuant to 28 U.S.C. § 2254.    This matter was referred to the undersigned United States Magistrate Judge to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.    Before the Court is the State's Motion to Dismiss the federal habeas petition as moot (Rec. Doc. 28) and Petitioner's Motion to Dismiss and Motion to Vacate Conviction (Rec. Doc. 34).    For the following reasons, **IT IS RECOMMENDED** that the petition for habeas corpus relief be **DISMISSED WITHOUT PREJUDICE**.

### Summary of the Case

The following procedural history is gleaned from Warren's federal application.[1]    On June 20, 2017, Doc Warren entered a plea of guilty in the Criminal District Court of Orleans Parish to first degree robbery.    He was sentenced to seven years imprisonment at hard

---

[1]   The State filed a motion to dismiss, which the Court broadly construes as an answer pursuant to the Court's briefing order, with no accompanying state-court record.

labor, with credit for time served, to run concurrently with his sentence in the State of Alabama.[2]

Warren sought post-conviction relief in the state courts.   He filed a motion to correct an illegal sentence on grounds that the State violated the terms of his guilty-plea agreement by not extraditing him immediately to Alabama.   On August 23, 2017, the motion was granted and the DOC was ordered to extradite him.   On May 21, 2018, he filed a post-conviction relief application, asserting that the State violated the plea agreement and that his guilty plea was not voluntarily or intelligently entered.   The application for post-conviction relief was denied and he pursued supervisory relief in the court of appeal.

In the meantime, however, he ultimately chose to enter a new plea agreement and be resentenced without any stipulation regarding extradition   On July 31, 2018, he was resentenced to seven years imprisonment at hard labor, to run concurrent with any and all time to be served in other cases, including the Alabama case.[3]   Warren filed a motion to dismiss his pending application for supervisory writs in the Louisiana Fourth Circuit Court of Appeal because he had agreed to be resentenced.[4]

---

[2]   Rec. Doc. 1, Petition, pp. 38-40 (Felony Waiver of Constitutional Rights Plea of Guilty Form and Minute Entry, 6/20/2017). The guilty-plea form states that he "will receive 7 years DOC, with credit for all time served, to run concurrent with any and all other cases, including Alabama case number CC-1995-00179.00, to be extradited immediately."

[3]   Rec. Doc. 1, Petition, pp. 29-30 (Felony Waiver of Constitutional Rights Plea of Guilty Form and Minute Entry, 7/31/2018).

[4]   Rec. Doc. 1, pp. 27-28.

In April or May 2019, he filed another application for post-conviction relief challenging the new plea agreement.    Warren states that he alleged the following claims:

> 1) Ineffective Assistance of Sentencing Counsel.
> The plea bargain agreement was induced through threats, intimidation and not voluntarily, knowingly, and intelligently entered on July 31, 2018.
>
> 2) Trial Court exceeded its jurisdiction when failing to order the withdraw of the first "original plea;"
>
> 3) Breach of Plea Agreement by State's Department of Corrections (DOC), which resulted in an excessive seven (7) year sentence;
>
> 4) Criminal District Court erred by dismissing Petitioner's Post-Conviction Relief Petition where the merits of those claims were not addressed on the merits, which denied Petitioner a full and fair evidentiary hearing under the Sixth and Fourteenth Amendments of the United States Constitution.[5]

His challenge appeared to focus on the terms of the plea agreement and the improper calculation of his sentence in violation of his plea agreement.[6]    He maintained that under the new plea agreement he was promised he would only need "to serve 65% of his 7-year sentence under the new sentencing reform of November 1, 2017, Act 280, which applies to offenders sentenced after November 1, 2017, for first crimes of violence."[7]    However, he was unsuccessful in state district court in challenging the guilty plea conviction and sentence imposed on July 31, 2018.[8]    His related application for supervisory writs was denied by the

---

[5]  Rec. Doc. 1, p. 11.

[6]  Rec. Doc. 1, pp. 12-14

[7]  Rec. Doc. 1, p. 16.

[8]  Rec. Doc. 1, Petition, p. 3 (Grounds raised in petition for post-conviction relief filed

Louisiana Fourth Circuit Court of Appeal.[9]    The Louisiana Supreme Court subsequently denied relief.[10]

On or about August 26, 2020, he filed the instant federal habeas petition.[11]    In that application, he raises the following grounds for relief:    (1) he was denied the effective assistance of sentencing counsel at his July 2018 resentencing hearing; (2) the trial court exceeded its jurisdiction by failing to order the withdrawal of the first plea agreement before allowing him to enter another and imposing a second seven-year sentence; (3) the State and the Department of Corrections violated the plea agreement resulting in improper calculation of his sentence as promised by the State and therefore an excessive sentence and (4) he was denied an evidentiary hearing by the state courts during his post-conviction relief proceedings.    Warren alleges that there are unresolved questions of law and the illegality of his sentence warrants relief, namely his discharge from custody.[12]

Subsequent to the filing of this federal petition, on June 17, 2021, the State filed a motion in the state trial court to amend Warren's sentence.    The State requested that he be

---

in 2019). He also includes a copy of an administrative remedy procedure complaint he filed in connection with how his sentence was being improperly calculated by the DOC. Rec. Doc. 1, p. 33.

[9]   Rec. Doc. 1, p. 26, *State v. Doc Warren*, 2019-K-0844 (La. App. 4 Cir. Oct. 3, 2019).

[10]   Rec. Doc. 1, pp 24-25, *State v Warren*, 2019-KH-01898 (La. June 12, 2020).

[11]   Rec. Doc. 1.

[12]   Rec. Doc. 1, pp. 21-23.

resentenced to "time served."    On July 1, 2021, the trial court granted the State's motion, giving Warren credit for, and resentencing him to, time served.    The trial court ordered his release from the Louisiana Department of Corrections.[13]    Warren is currently serving a sentence in the State of Alabama.

On July 14, 2021, the State filed a motion to dismiss based on mootness.    The State contends that because Warren has been resentenced to "time served" and ordered released from Louisiana custody, the habeas proceeding has been rendered moot and should be dismissed without prejudice.[14]    Warren was given the opportunity to respond to the motion and the order was sent to his current address in the Alabama Kilby Correctional Facility.    On August 20, 2021, Warren filed a "motion to dismiss and motion to vacate conviction" acknowledging that he was resentenced on July 1, 2021.[15]

### Law and Analysis

Jurisdiction pursuant to the "in custody" requirement attaches when the petition is filed and is not defeated if the petitioner is released from custody while the petition is still pending.    *See Carafas v. LaVallee*, 391 U.S. 234, 237 (1968).    A distinct question, however,

---

[13]  Rec. Doc. 29-2, pp. 1-2.

[14]  Rec. Doc. 29, State's Motion to Dismiss.

[15]  Rec. Doc. 34. Although he mentions being held in an isolated cell in Dixon Correctional Institute and not having access to legal mail, the order giving him the chance to file a memorandum in opposition to the State's motion to dismiss was remailed to him at his new Alabama address and this filing was obviously in response to receiving the State's motion.

is whether the matter is now moot, as the State argues, based on the reduction in sentence

to "time served" and Warren's release from prison.    The United States Fifth Circuit has set

out the controlling legal principles concerning mootness:

> A habeas petition will be dismissed as moot upon expiration of the petitioner's
> criminal sentence unless there are continuing collateral consequences
> resulting from his conviction. *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978,
> 140 L.Ed.2d 43 (1998); *see Port v. Heard*, 764 F.2d 423, 426-27 (5th Cir. 1985)
> (extending this general rule to criminal contempt judgments). A court should
> "presume that a wrongful criminal conviction has continuing collateral
> consequences (or what is effectively the same, [should] count collateral
> consequences that are remote and unlikely to occur)." *Spencer*, 523 U.S. at 8,
> 118 S.Ct. 978. We have in fact applied the collateral consequences
> presumption in finding that discharged criminal contempt convictions were
> not moot. *See In re Stewart*, 571 F.2d 958, 966-67 (5th Cir. 1978); *United States
> v. Camil*, 497 F.2d 225, 226-28 (5th Cir. 1974).

*Carlisle v. Normand*, 745 F. App'x 223 (5th Cir. 2018) (holding that the district court erred in

dismissing the habeas petition as moot based on petitioner completing his sentence and

failing to presume that there were continuing collateral consequences flowing from Carlisle's

criminal contempt conviction, such as the possible future use of the conviction for

impeachment and sentencing purposes in any future criminal proceedings).    However,

when a petitioner is truly challenging aspects of his sentence rather than the underlying

conviction, that presumption does not apply.    *See, e.g., Spencer*, 523 U.S. at 12-14; *Lane v

Williams*, 455 U.S. 624, 631 (1982) ("Since respondents elected only to attack their

sentences, and since those sentences expired during the course of these proceedings, this

case is moot."); *Pouncey v. McCrory*, Civ. Action 1:11-cv-837, 2014 WL 1245870, at *2-3 (M.D.

Ala. Mar. 24, 2014) (dismissing as moot petitioner's habeas claims where his ultimate

objective was to be released from jail with respect to fines he claimed not to owe, rather than challenging the validity of his convictions, and he had already been released); *Glover v Pennsylvania*, Civ. Action 1:CV-13-00293, 2014 WL 795100, at *2 (M.D. Pa. Feb. 27, 2014) (dismissing habeas as moot, based on petitioner's release, where he challenged a guilty plea and sentence, but the only relief requested was an order directing that his sentence be vacated and he be released from incarceration, and he had not shown that collateral consequences existed).

Here, it appears that Warren's real objective in bringing this habeas action was to challenge the way his seven-year sentence was being calculated and carried out pursuant to the plea agreement.    He has now been credited for "time served" and released from incarceration on that sentence.    The underlying challenge was not about the validity of the guilty plea, but to the sentence he was serving, which has expired and can no longer be remedied.    The Court has nothing before it to suggest the existence of any collateral consequence presenting a live case or controversy associated with any aspects of his sentence, including the calculation of his sentence by the DOC, pursuant to Warren's plea agreement.    The Court may no longer grant the relief requested by Warren and thus his federal habeas petition is rendered moot.    Indeed, Warren himself, through his filing of a motion to dismiss, evidently concurs with the dismissal of his case.[16]

---

[16]  However, to the extent he requests that the Court vacate his conviction, evidently based upon the fact that he was recently resentenced to time-served and released from Louisiana state custody, there is no authority for the Court to do so.

**RECOMMENDATION**

For the foregoing reasons, it is **RECOMMENDED** that the State's Motion to Dismiss be **GRANTED**, and Warren's motion to dismiss and motion to vacate be **GRANTED IN PART** with respect to his request for dismissal of the case and **DENIED IN PART** with respect to the Motion to Vacate, and Warren's application for federal habeas corpus relief be **DISMISSED WITHOUT PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[17]

New Orleans, Louisiana, this   23rd   day of _____September_____, 2021.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[17]  *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.